# DECEMBER 8, 1943

## C. L. BENNETT v. THE STATE.

No. 22585. Delivered October 20, 1943.
Rehearing Denied November 24, 1943.
Request for Leave to File Second Motion for Rehearing Denied
(Without Written Opinion) December 8, 1943.

The opinion states the case.

*J. Meek Hawkins* and *Pliny V. Meyers,* both of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Upon trial for assault with intent to murder William N. Sale, appellant was convicted of assault with intent to murder without malice, and his punishment assessed at 3 years in the penitentiary.

No complaint of any kind is brought forward regarding the manner of trial, nor of the court's instructions to the jury. The only question urged is that the evidence does not support the conviction.

It would add nothing to the jurisprudence of the State to recite the facts in detail. They reflect no credit upon any of the parties involved.

Sale had met Mrs. Bennett about a week before, being introduced by her to appellant six or seven weeks before the assault which is the basis of this prosecution. Friendly associations among the three resulted, and grew into illicit relations between appellant's wife and Sale. According to Sale such relations were encouraged by appellant. This was denied by appellant. While admitting the improper relations the wife denied the conduct of appellant which Sale claimed was an invitation to such relation. The three had been together most of the day and up until about 10 o'clock on the night the assault occurred. They had been drinking and all seemed to some degree under the influence of liquor. The facts are in dispute as to whether appellant or Sale was guilty of the first overt act of violence. A fight ensued in which appellant cut Sale some 12 or 14 times, a number of the cuts or stabs being in the back, two of which punctured the lung. Sale was in the hospital 8 days, and it was a month before he was able to resume work. A disinterested witness testified that some one present after Sale had fallen said,— referring to Sale—"that man is dying," and that appellant said, "I hope he is," and another testified that he tried to stop appellant from cutting Sale, and that appellant said, "I meant to kill him." Appellant claimed to have been acting in self defense in doing the cutting. The issue was clearly presented in the court's instructions and the jury evidently discredited appellant's version of the matter.

The jury are the exclusive judges of the facts, and where they are in conflict as here found, this court cannot disturb the verdict.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a motion for rehearing in which he asserts that we erred in two particulars in the original disposition of this case. The first is that the caption of the transcript discloses that the regular term of the District Court of Brazoria County began on the first day of September, 1940, and adjourned on the 13th day of March, 1943, showing a continuous term for a period of more than two years, which was in violation of the statute fixing the term of said court. This clerical error has been corrected by a supplemental transcript showing that the term of court, in fact, began on the first day of February, 1943. Consequently, there is no merit in his contention, and the same is overruled.

He next vigorously asserts that the evidence is insufficient to justify and sustain his conviction. We have again reviewed the statement of facts and remain of the opinion that the evidence is sufficient to sustain the jury's verdict.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.